UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-CR-0101 (PJS/TNL) |
| Plaintiff, | |
| v. | ORDER |
| ALFREDO CAZARES-MEDINA, | |
| Defendant. | |

---

Alfredo Cazares-Medina, pro se.

Defendant Alfredo Cazares-Medina is serving a 210-month sentence after pleading guilty to conspiracy to distribute methamphetamine. ECF Nos. 88, 117. This Court previously reduced Cazares-Medina's sentence based upon a change in the Sentencing Guidelines that apply to his case. ECF No. 117. This matter is now before the Court on Cazares-Medina's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 119. For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP. As a result, a number of circuits have held that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The Eighth Circuit has not resolved this issue, but the court has recently clarified that, although district courts should not treat § 1B1.13 as binding, they may not ignore it altogether. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). That holding accords with this Court's approach of affording deference to § 1B1.13's definition of "extraordinary and compelling." *See United States v. Logan*, 532 F. Supp. 3d 725, 730 (D. Minn. 2021). Thus, while the Court recognizes that it has the discretion to grant a sentence reduction even in circumstances that do not comport with the terms of § 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining how to exercise its discretion.

According to Cazares-Medina, he is entitled to early release because the BOP has failed to provide him with adequate medical care. ECF No. 119 at 3. Specifically, Cazares-Medina alleges that he "has been informally diagnosed with a form [of] 'basel

ell [sic] carcinoma,' which is known to be cancerous" and that he has not received treatment because of understaffing at FCI Ray Brook, where he is incarcerated. *Id.* at 5. However, the medical records attached to Cazares-Medina's petition do not support his allegations. Nothing in his records indicates that Cazares-Medina has ever been diagnosed—formally or informally—with basal cell carcinoma (a form of skin cancer). Cazares-Medina was examined for skin lesions by Dr. Henri Gaboriau on November 28, 2022, and the examination revealed "no suspicious lesion." ECF No. 120 at 18. Cazares-Medina was referred to an ENT physician for further examination, and on February 1, 2023, Dr. John Decker concurred with Dr. Gaboriau's assessment: "I do not find any salivary mass or skin lesions in the face or scalp area." *Id.* at 22–23.

In his petition, Cazares-Medina also cites COVID-19-related risks in BOP facilities as an additional justification for granting him an early release. ECF No. 119 at 6–8. But the general risk of being infected with COVID-19 in prison is not an "extraordinary and compelling" reason for a sentence reduction under § 3582(c)(1)(A)(i). Cazares-Medina has been vaccinated and boosted against COVID-19, and the vaccine greatly reduces the risk that COVID-19 poses to Cazares-Medina and other inmates. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate

release."). While Cazares-Medina is correct that vaccination is not a guarantee that an individual will not be infected with COVID-19, the vaccines offer strong protection against the most serious symptoms and side effects of an infection.[1] In addition, according to the BOP, Cazares-Medina is currently incarcerated at FCI Ray Brook in New York, where, as of this writing, there is not a single active infection among more than 800 inmates.[2] Cazares-Medina does not appear to be at much more risk of contracting COVID-19 at Ray Brook than he would be in the community.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Cazares-Medina's motion for a sentence reduction [ECF No. 119] is DENIED.

---

[1] *See Benefits of Getting a COVID-19 Vaccine*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (Dec. 22, 2022) (explaining that COVID-19 vaccinations "protect[] people from getting seriously ill, being hospitalized, and dying").

[2] *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2023); *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Apr. 5, 2023); *FCI Ray Brook*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/rbk/ (last visited Apr. 5, 2023).

Dated: April 6, 2023                               s/Patrick J. Schiltz
                                                   Patrick J. Schiltz, Chief Judge
                                                   United States District Court